IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY SCOTT SIMBOLI,          :
                                :
        Plaintiff               :
                                :
    v.                          :   CIVIL NO. 4:CV-16-1647
                                :
WARDEN PERDUE, ET AL.,          :   (Judge Brann)
                                :
        Defendants              :

## **MEMORANDUM**

October 12, 2016

**Background**

Anthony Scott Simboli filed this pro se civil rights action while confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill),. Plaintiff has also submitted an in forma pauperis application. For the reasons set forth below, Simboli's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as Defendants in the Complaint are the following FCI-Schuylkill employees: Warden R. A. Perdue, Chief Psychologist Doctor Menning and Psychologist Doctor Jargoda. Plaintiff describes himself as being a paranoid schizophrenic who suffers from major depression. As a partial consequence of his

1

condition, Simboli allegedly hears a voice which directs him to engage in self destructive behavior which has resulted in multiple hospitalizations. According to Plaintiff, a combination of medications that were prescribed in 2013 kept his self mutilation outbreaks in check.

Following his arrival at FCI-Schuylkill in February 2016. Simboli states that he began weekly therapy sessions with Doctor Jargoda. However, his previously ordered medications were discontinued by a non-Defendant, Doctor Mace, who prescribed the inmate a different medication for his depression. Doctors Mennig and Jargoda allegedly informed Plaintiff that the change in medications was ordered by the prison's medical staff and they had "no control over medication decisions." Doc. 1, p. 5.

According to the Plaintiff two weeks after the medication change, his mental health deteriorated to the point he swallowed 7 razor blades and 2 batteries and was placed first on suicide watch and then in segregation. Following his release from segregated housing, Plaintiff was placed back on some of his previously prescribed medications and received weekly counseling from Defendants Menning and Jargoda. As a result, "things were going good." Id. at p. 6.

However, during one of the counseling sessions Plaintiff states that he

admitted to Doctor Jargoda that he made a recent suicide attempt by injecting 10 bags of heroin. Doctor Jargoda responded to that information by having the inmate drug tested and then placed on close monitoring by prison staff. Plaintiff asserts that because Doctors Menning and Jargoda betrayed his confidentiality he elected to refuse his medications and expressed that he was no longer willing to be a participant in weekly therapy. Beginning in June 2016, Simboli asserts that he was advised by Doctors Menning and Jargoda that he was still required to show up for his weekly therapy sessions but wouldn't be required to participate.

Plaintiff concludes that requiring him to attend weekly counseling sessions is a violation of his constitutional rights. The Complaint, dated August 4, 2016, adds that Plaintiff is scheduled for release during September 2016. It also acknowledges that Plaintiff failed to fully exhaust his administrative remedies before initiating this action. Plaintiff seeks injunctive relief and monetary damages for emotional distress as relief.

**Discussion**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit). Section § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.

<u>Denton</u>, 504 U.S. at 33.

**<u>Emotional Injury</u>**

The Complaint asserts that Plaintiff has suffered emotional distress for which he seeks to recover monetary damages. There is no allegation that Simboli has suffered any accompanying physical injury. For the reasons outlined below, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.

Title 42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 250 (3d Cir. 2000) recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. Under the standards announced in <u>Allah</u>, Plaintiff's request for monetary relief to the extent that it seeks compensatory damages for emotional and psychological injuries for alleged violation of his constitutional rights is barred by Section 1997e(e).

**Personal Involvement**

With respect to the civil rights claims against Warden Perdue, civil rights claims cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Furthermore, prisoners have no constitutionally protected right to a grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977)(Burger, C.J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")  While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Although the Complaint lists Warden Perdue as being a Defendant, there are no other factual assertions whatsoever set forth regarding said official. As such, it appears that Plaintiff is attempting to establish liability against said Defendant based upon either his supervisory capacity or a failure to take action in response to Plaintiff's related grievance.

Based upon an application of the standards set forth in Rode, the Complaint

to the extent that it seeks to establish liability against Defendant Perdue under a theory of respondeat superior, is subject to dismissal. Likewise, any attempt by Plaintiff to pursue a claim against Warden Perdue based upon the handling of an administrative grievance or complaint does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). Since there are no viable assertions of personal involvement by Warden Perdue in any constitutional misconduct, dismissal will be granted in his favor.

With respect to the claim that Plaintiff's medication was improperly changed, there is no assertion Doctors Menning and Jargoda had any personal involvement in that decision. On the contrary, the Complaint acknowledges that the medication change was a decision made by a non-defendant physician and was not the result of any conduct by either of the two remaining Defendants. Accordingly, this claims likewise subject to dismissal on the basis of lack of personal involvement by the named Defendants.

**<u>Injunctive Relief</u>**

Simboli's Complaint, in part, also seeks an award of injunctive relief requesting that FCI-Schuylkill officials accept his refusal to attend weekly therapy sessions.  <u>See</u> Doc. 1, p. 8.

Federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ."  <u>Id</u>. see also <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy)" (emphasis in original).  An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects."  <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see</u> <u>also</u> <u>Gaeta v. Gerlinski</u>, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Furthermore, an inmate's claim for injunctive relief fails to present a case or controversy once the inmate has been transferred.  <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); <u>see also</u> <u>Carter v. Thompson</u>, 808

F. Supp. 1548, 1555 (M.D. Fla. 1992). According to the Complaint, Plaintiff was scheduled for release on September 23, 2016. See Doc. 1, p. 8. A search of the Bureau of Prison's Inmate Locator database confirms that Plaintiff was released on said date. There is no indication that Simboli will be returned to FCI-Schuylkill in the foreseeable future. Accordingly, Plaintiff's action, to the extent that it seeks injunctive relief based upon actions which occurred during his prior confinement at FCI-Schuylkill, is subject to dismissal on the basis of mootness.

**Lack of Address**

A copy of this Court's Standing Practice Order was mailed to Plaintiff on August 9, 2016. See Doc. 5. The Standing Practice Order provides in relevant part as follows:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

Doc. 5, p. 4.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record reveals that although Plaintiff was released from custody on September 23, 2016,

he has not provided this Court with his current address. Consequently, Plaintiff has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Simboli's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and prevents the taking of any other sanctions. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). Since Simboli's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue. This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is also warranted.

**Administrative Exhaustion**

Plaintiff asserts that he filed this action while an administrative grievance regarding his pending allegations was pending before the Regional Director for the Bureau of Prisons (BOP). See Doc. 1, p. 2. Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. As noted above, Plaintiff acknowledges that he filed a grievance regarding his pending allegations which was pending before the BOP's final administrative appeal level when this matter was initiated. Based upon Plaintiff's own admission, a finding of failure to exhaust administrative remedies is also appropriate.

**Conclusion**

Since Plaintiff's pending civil rights claims are "based on an indisputably meritless legal theory" the Complaint will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.   An appropriate Order will enter.


BY THE COURT:


  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge